CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

June 09, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JEFFREY LYNN BUSSEY, JR., | ) | |
| Plaintiff, | ) | Civil Action Nos. 7:26-cv-00370 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| VIRGINIA DEPARTMENT | ) | Chief United States District Judge |
| OF CORRECTIONS, *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jeffrey Lynn Bussey, Jr., a Virginia inmate proceeding *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983.  (Dkt. No. 1.)  This matter is before the court for review pursuant to 28 U.S.C. § 1915A.  For the reasons stated below, the court concludes that Bussey has failed to state a claim for which relief can be granted, and his claims must be dismissed.

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  A complaint is subject to dismissal if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  § 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted).

Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court.

*See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Bussey's complaint, the court concludes that it does not state any actionable claims under federal law. Thus, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Bussey's allegations generally describe complaints about the calculation of his sentence in state court. Bussey alleges that he is "being held unlawfully past my release date my Eighth Amendment is violated when prolonged detention is result deliberate indifference . . . ." (Compl. 2.) He asks to be "released immediately" and be compensated with money damages for "each day served past my release date." (*Id.* at 3.)

Plaintiff's claims are largely incomprehensible, and he fails to allege facts and merely states conclusions. Thus, his compliant fails to provide notice of the claim or claims that he seeks to raise. To the extent that Bussey is attempting to secure his release from prison, a § 1983 action is not the correct vehicle for such a pursuit. A civil rights § 1983 case challenges the conditions of plaintiff's confinement, and a habeas corpus matter challenges the legality of that confinement. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (summarizing the distinctions between § 1983 and habeas actions).[1] Also, Bussey cannot pursue a § 1983 claim for damages because his sentence has not been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Where "success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004).

Accordingly, it is hereby ORDERED that this 42 U.S.C. § 1983 action is DISMISSED for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). Bussey's claims are dismissed

---

[1] The court notes that Bussey has also filed a motion requesting that a writ of habeas corpus be issued. (Dkt. No. 9.)

without prejudice.  Bussey's motion to issue a writ of habeas corpus (Dkt. No. 9) is DISMISSED

without prejudice as moot.  It is further ORDERED that the Clerk shall STRIKE this case from

the active docket of the court.  The Clerk shall transmit a copy of this order to Bussey.

Entered: June 9, 2026.

/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
Chief United States District Judge

3